NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLA CHRISTOPHER BUCCI, | No.   15-17413 |
| Petitioner-Appellant, | D.C. No. 2:11-cv-03147 GEB KJN |
| v. | |
| TIMOTHY E. BUSBY, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted December 13, 2016
San Francisco, California

Before:  GRABER and HURWITZ, Circuit Judges, and FOOTE,** District Judge.

Nicola Bucci appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253

and affirm.

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Bucci was convicted after a jury trial of two counts of second degree murder arising from a head-on collision that left two people dead and two others seriously injured. He claims that he was denied due process by the admission of certain propensity evidence and by prosecutorial misconduct during closing arguments. Bucci also contends that trial counsel failed to investigate the facts of the accident and was therefore unconstitutionally ineffective.

1. The state appellate court's conclusion—that the admission into evidence of the 1994 fatal accident caused by Bucci did not violate Bucci's due process rights—was not an unreasonable application of clearly established Supreme Court law. Indeed, there is no clearly established law holding that the introduction of propensity evidence violates due process. In the absence of a clearly established right, Bucci's claim fails.

2. The state court reasonably concluded that the prosecutor's closing remarks were not a violation of Bucci's right to due process. The relevant inquiry is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). The state court reasonably concluded that the prosecutor's argument to the jury that Bucci "got away" with the 1994 fatalities, even if misconduct, did not

2

prejudice Bucci because there was overwhelming evidence of Bucci's guilt. Therefore, the state court's conclusion that there was no due process violation did not stem from an unreasonable application of clearly established law. A similar conclusion is compelled for the prosecutor's statements regarding character evidence. Those remarks did not so infect the trial with unfairness as to violate due process. Accordingly, Bucci's prosecutorial misconduct claims are unpersuasive.

3. The state post-conviction court's denial of relief on Bucci's ineffective assistance of counsel claim after applying Strickland v. Washington, 466 U.S. 668 (1984), was not unreasonable. The court concluded that an accident reconstruction expert's testimony would have been inconsistent with, and likely would have undermined, Bucci's defense at trial and that the outcome of the trial likely would not have changed. That conclusion is neither contrary to, nor an unreasonable application of, clearly established federal law. We therefore reject Bucci's ineffective assistance of counsel claim.

4. We decline to expand the certificate of appealability to address the other issue raised by Bucci. 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

**AFFIRMED.**

3